# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BORUCHOWITZ, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>ROBERT BECKETT et al., <br><br>　　　　Defendants. | 3:12-cv-00196-RCJ-VPC <br><br> **ORDER** |

　　　　This is a malicious prosecution case. Pending before the Court is a Motion to Reconsider or Dismiss for Lack of Jurisdiction (ECF No. 43). For the reasons given herein, the Court denies the motion.

　　　　Plaintiff filed the present Complaint in this Court, listing several claims that the Court characterized as follows: (1) false arrest, malicious prosecution, and intentional infliction of emotional distress ("IIED") under § 1983; (2) negligent training, supervision, and retention; (3) "breach of duty of care," i.e., negligence; (4) "prosecutorial misconduct," i.e., common law malicious prosecution; (5) civil conspiracy; and (6) defamation. The Court granted summary judgment to Defendants as against all claims except those for malicious prosecution (under both § 1983 and state law), civil conspiracy, and defamation. The Court later reconsidered in part, noting that Defendants were immune from the malicious prosecution claims insofar as they were based on 42 U.S.C. § 1983, but not insofar as they were based on common-law malicious

prosecution under state law, because the doctrines as to prosecutorial immunity from such a claim differed as between federal and state law.

Defendant Robert Beckett has now asked the Court to dismiss pursuant to 28 U.S.C. § 1367(c)(3), which gives the Court discretion to decline supplemental; jurisdiction and dismiss now that the claims over which the Court had original jurisdiction have been dismissed. Plaintiff opposes the motion. The Court denies them motion. The gravamen of the complaint remains, and the Court has already adjudicated a summary judgment motion as to the state law claims. It would be judicially inefficient to require a state court to address the case from the beginning in a new action.

The Court also declines to reconsider its finding that Nevada law does not permit a prosecutorial immunity defense to a malicious prosecution action for the reasons given in Footnote 1 of the previous order. Defendant's citation to a case concerning judicial immunity is inapposite. Defendant fails to recognize the distinction between judicial and prosecutorial immunity. Judges are immunized even when acting with malice, but prosecutors are not—that's why the tort is called "malicious prosecution."

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider or Dismiss for Lack of Jurisdiction (ECF No. 43) is DENIED.

IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge