

**Marquis Aurbach Coffing**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Brian R. Hardy, Esq.
Nevada Bar No. 10068
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
bhardy@maclaw.com
Attorneys for Defendant Robert Bettinger

FILED  ___ RECEIVED
___ ENTERED  ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL - 7 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID BORUCHOWITZ,

                              Plaintiff,

vs.

ROBERT BECKETT, individually and in his
former capacity as NYE COUNTY DISTRICT
ATTORNEY; ROBERT BETTINGER,
individually and in his official capacity as NYE
COUNTY DEPUTY DISTRICT ATTORNEY;
NYE COUNTY, a political subdivision of the
STATE OF NEVADA; and JOHN DOES 1
through 15, inclusive,

                              Defendant.

Case No.:      3:12-cv-00196

**STIPULATED PROTECTIVE ORDER**

Plaintiff, David Boruchowitz, by and through his counsel of record, Ian E. Silverberg,

Esq., Defendant, Robert Beckett, by and through his counsel of record, Jeffrey I. Pitegoff, Esq.

of the Pitegoff Law Office and Defendant Robert Bettinger by and through his attorneys of

records, Brian Hardy, Esq. of the law firm of Marquis Aurbach Coffing hereby enter into this

Stipulation for a Protective Order pursuant to the provisions of **NRCP 26(c)**.  The parties have

agreed and stipulated to the entry of this Order for the protection of personnel records,

Page 1 of 10

MAC:11779-041 2266225_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    information, financial records, confidential records, and related information produced or
2    otherwise disclosed by the parties in this action.

3       IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto,
4    through their respective counsel of record, that the following shall govern the disclosure of
5    information and documents of a confidential nature ("Protected Information") in this action:

6       1.    Any party to this action and any third-party who produces documents or provides
7    testimony or other information pursuant to formal or informal discovery requests, may
8    designate Protected Information produced by that party as "Confidential Information" or
9    "Confidential Information – Attorneys Eyes Only."

10       (a)    The term "Confidential Information" includes all Protected Information that the
11          designating party believes constitutes confidential, financial (including tax returns,
12          financial schedules, and related documents, proprietary, private, technical, or commercial
13          information, including information that is subject to a confidentiality agreement and
14          personal information of the Parties, which is not publicly known and cannot be
15          ascertained from an inspection of publicly-available documents or materials.

16       (b)    The term "Confidential Information – Attorneys Eyes Only" includes only
17          Protected Information that the designating party believes constitutes or contains highly
18          sensitive and non-public business, technical, financial or other information that will
19          irreparably harm the disclosing party if it becomes known to any party other than the
20          designating party.

21       2.    Confidential Information and Confidential Information – Attorneys Eyes Only
22    shall be controlled strictly by this Order, and no disclosure or use of such information, by any
23    person who has received it through this litigation, can be made except in accordance with the
24    requirements of this Order.

25       3.    Any party and any third-party may designate discovery that it believes in good
26    faith qualifies for protection as Confidential Information or Confidential Information – Attorneys
27    Eyes Only by the following means:

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:11779-041 2266225_1

(a)     **Documents, answers to interrogatories, and answers to requests for admissions**: At the time of production or disclosure, the designating party shall mark the document: "Confidential Information," "Confidential" or "Confidential Information – Attorneys Eyes Only" or with a legend that makes clear the designating party's intention to bring the document or response within the scope of this Order. A designation on the first page of a document is sufficient to bring the entire document within the scope of this Order.

(b)     **Testimony**:    The designating party may designate testimony or exhibits as Confidential Information or Confidential Information – Attorneys Eyes Only by making a statement to that effect on the record when the testimony is given or by identifying, by reference to pages and lines, the portions of the transcript that reflect Confidential Information or Confidential Information – Attorneys Eyes Only. In addition, corrections, additions, or deletions to portions of a transcript that the designating party wishes to designate as Confidential Information or Confidential Information – Attorneys Eyes Only may be identified by page and line references. Designations made after a deposition shall be made by written notice served on all counsel of record. For ten days after the receipt, the entire transcript of any deposition shall be treated as Confidential Information, except that any portions of testimony designated Confidential Information – Attorneys Eyes Only, at the time of and during the deposition, shall be treated as such. If testimony is designated confidential, the parties' counsel and the court reporter who transcribes the deposition testimony shall make reasonable arrangements to maintain the confidentiality of any deposition testimony or exhibits designated as Confidential Information or Confidential Information – Attorneys Eyes Only in accordance with the terms of this Order. These arrangements may include the marking of transcript pages, covers or exhibits, and other measures to preclude the disclosure of Confidential Information or Confidential Information – Attorneys Eyes Only to other than qualified persons.

(c)     **Electronic Media**: For Information maintained in computer readable or other electronic media such as diskettes, a Party shall designate such Information as Confidential Information by submitting with the Information a written statement that it is "Confidential".

MAC:11779-041 2266225_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

(d)     **Clawback Provision:** Any Party's inadvertent or unintentional failure to designate Protected Information shall not be deemed a waiver in whole or in part of that Party's claim of confidentiality, as long as the disclosing party notifies all Parties in writing that such Protected Information constitutes confidential information within a reasonable time after learning that the Protected Information was inadvertently or unintentionally produced without an appropriate confidentiality designation.

(e)     **Documents already produced:**   The terms of this Stipulated Protective Order apply, without limitation, to all documents and information exchanged between the parties in the course of this litigation, whether or not such documents and/or information were exchanged prior to the entry of this Order.

4.     Any party to this action may challenge any designation of Confidential Information or Confidential Information – Attorneys Eyes Only.     The party proposing to make such a challenge shall give the designating party written notice specifically setting forth the grounds for the objection to the Confidential Information or Confidential Information – Attorneys Eyes Only designation not less than ten business days before filing any motion challenging any Confidential Information or Confidential Information – Attorneys Eyes Only designation.   During the notice period, the objecting party shall confer with the designating party in a good faith effort to resolve the dispute without filing a motion.   If the good faith effort informally to resolve the dispute fails, any party may challenge by motion the designation of a document or of testimony as Confidential Information or Confidential Information – Attorneys Eyes Only.

5.     Unless and until the Court rules that discovery designated as Confidential Information shall not be treated as Confidential Information, persons who receive discovery so designated shall use it only for the purposes of this action and shall not disclose it, except to the following persons:

(a)     Named parties;

(b)     Attorneys for named parties;

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:11779-041 2266225_1

(c)     Persons employed by or working under the direction of attorneys for the named parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

(d)     The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action, and any jury empanelled in this action;

(e)     Independent experts or consultants retained by a party or an attorney of record for purposes of this litigation, as well as any employees, associates or independent contractors retained by those experts or consultants in their work on this matter, to the extent necessary to perform specific duties in connection with this action, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action;

(f)     Deponents.

(g)     Any person that originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

(h)     Any other person who is designated as a Qualified Person by order of the Court, after notice to all parties.

6.      Unless and until the Court rules that discovery designated as Confidential Information – Attorneys Eyes Only shall not be treated as Confidential Information – Attorneys Eyes Only, persons who receive discovery so designated shall use it only for the purposes of this action and shall not disclose it, except to the following persons:

(a)     Attorneys for named parties;

(b)     Persons employed by or working under the direction of attorneys for the named parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:11779-041 2266225_1

(c)     The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action, and any jury empanelled in this action;

(d)     Independent experts or consultants retained by a party or an attorney of record for purposes of this litigation, to the extent necessary to perform specific duties in connection with this action, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action;

(e)     Any person that originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

(f)     Any other person who is designated as a Qualified Person by order of the Court, after notice to all parties.

7.     An attorney of record who permits a person qualified under Paragraph 6(a) (e) (f) (g) or (h) or Paragraph 7(d) (e) or (f) to access Confidential Information or Confidential Information – Attorneys Eyes Only received through discovery in this action shall first inform the recipient of the terms of this Order, advise the recipient that he or she is bound by its terms, and obtain the agreement of the recipient not to make further disclosure of the Confidential Information or Confidential Information – Attorneys Eyes Only.     Each attorney of record who discloses Confidential Information or   Confidential Information – Attorneys Eyes Only received through discovery in this action shall retain for one year following the conclusion of this action a list of all persons to whom Confidential Information or Confidential Information – Attorneys Eyes Only has been disclosed.

8.     All Confidential Information or Confidential Information – Attorneys Eyes Only, including references that disclose the substance of Confidential Information or Confidential Information – Attorneys Eyes Only in briefs, memoranda and other written submissions, filed with the Court in this action shall be filed under seal.  Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a

MAC:11779-041 2266225_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    contemporaneous motion for leave to file those documents under seal, and shall be filed

2    consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b).

3    Notwithstanding any agreement among the parties, the party seeking to file a paper under seal

4    bears the burden of overcoming the presumption in favor of public access to papers filed in

5    court. <u>Kamakana v. City and County of Honolulu</u>, 447 F.2d 1172 (9th Cir. 2006).

6         9.    In the event a person who has received Confidential Information or Confidential

7    Information – Attorneys Eyes Only subject to this Order is: (a) subpoenaed in another action;

8    (b) served with a demand in another action to which the person is a party; or (c) served with any

9    other legal process by one not a party to this action, that seeks Confidential Information or

10   Confidential Information – Attorneys Eyes Only, he, she, or it shall give prompt written notice of

11   the receipt of such subpoena, demand or other legal process to the designating party and its

12   counsel, and upon request, shall cooperate with the designating party in its efforts to obtain an

13   appropriate order protecting the Confidential Information or Confidential Information – Attorneys

14   Eyes Only from disclosure.

15        10.   Prior to the use of any Confidential Information or Confidential Information –

16   Attorneys Eyes Only at any hearing, counsel who desires to use such Confidential Information

17   or Confidential Information – Attorneys Eyes Only shall take reasonable steps to afford the

18   designating party the opportunity to object to disclosure of the Confidential Information or

19   Confidential Information – Attorneys Eyes Only.

20        11.   Within sixty (60) days of the final disposition of this action, whether by

21   judgment (including exhaustion of all appeals), settlement or otherwise, each attorney-of-record

22   shall promptly deliver to the party from whom obtained either (1) all items that have been

23   designated Confidential Information or Confidential Information – Attorneys Eyes Only and all

24   copies made thereof, or (2) a written statement declaring that all such items and all copies

25   thereof have been destroyed.  No copies of Confidential Information in any form can be retained

26   by any party other than producing counsel.    This paragraph shall not apply to deposition

27   transcripts.

28        12.   Each party agrees to make good faith efforts to avoid, unless necessary, the

Page 7 of 10

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:11779-041 2266225_1

1   inclusion of Protected Information in briefs and other captioned documents filed in court, in

2   order to minimize sealing and designating such documents as Confidential Information.

3       13.     This Order shall survive the final conclusion of this action, subject to the terms

4   of this Protective Order and shall continue in full force and effect.

5       14.     The designation of information as Confidential Information or Confidential

6   Information – Attorney Eyes Only pursuant to this Order shall not be construed as a concession

7   by a producing party that such information is relevant or material to any issue or is otherwise

8   discoverable or by any receiving party that such information is, in fact, confidential, relevant or

9   material to any issue.

10      15.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the

11  use of documents at trial.

12      16.     Nothing herein shall be deemed to waive any applicable privilege or work

13  product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure

14  of material protected by privilege or work product protection.

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:11779-041 2266225_1

1        17.   The terms of this Order shall in no way affect any party's right to withhold

2    information on grounds of immunity from discovery.

3    DATED this 3rd day of July, 2014          DATED this 3rd day of July, 2014

4    MARQUIS AURBACH COFFING              IAN E. SILVERBERG, ESQ., P.C.

5

6    By  /s/ Brian R. Hardy                         By   /s/ Ian E. Silverberg
        CRAIG R. ANDERSON, ESQ.                    IAN E. SILVERBERG, ESQ.
7        Nevada Bar No. 6882                          Nevada Bar No. 5501
        BRIAN R. HARDY, ESQ.                         227 Clay Street
8        Nevada Bar No. 10068                         Reno, NV 89501
        10001 Park Run Drive
        Las Vegas, Nevada 89145                      *Attorneys for Plaintiff*
9        *Attorneys for Robert Bettinger*

10   DATED this 3rd day of July, 2014

11   PITEGOFF LAW OFFICE

12

13   By    /s/ Jeffrey Pitegoff
        JEFFREY PITEGOFF, ESQ.
14       Nevada Bar No. 5458
        415 South 6th Street, Suite 300
15       Las Vegas, Nevada 89101
        *Attorneys for Defendant Robert Beckett*

16       IT IS SO ORDERED this 7th day of _July_, 2014.

17

18

19

20   Respectfully submitted by:
                                          United States Magistrate Judge
21   MARQUIS AURBACH COFFING

22   By    /s/ Brian R. Hardy
        Craig R. Anderson, Esq.
23       Nevada Bar No. 6882
        Brian R. Hardy, Esq.
24       Nevada Bar No. 10068
        10001 Park Run Drive
25       Las Vegas, Nevada  89145
        Attorneys for Defendant Robert Bettinger

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:11779-041 2266225_1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### **EXHIBIT "A"**

### **CERTIFICATION**

     I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order in United States District Court – District of Nevada Case Number 3:12-cv-00196-RCJ-VPC. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information including copies, notes, or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it.

     No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information including copies, notes or other transcriptions made therefrom to the counsel who provided me with the Confidential Information.

     I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

Dated:_____

Signature:_____

Printed Name:_____

Address:_____

          _____

MAC:11779-041 2266225_1