# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BORUCHOWITZ, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT BECKETT et al., <br><br> Defendants. | 3:12-cv-00196-RCJ-VPC <br><br> **ORDER** |

This is a malicious prosecution case.  Plaintiff David Boruchowitz sued Defendants in this Court for: (1) false arrest, malicious prosecution, and intentional infliction of emotional distress ("IIED") under § 1983; (2) negligent training, supervision, and retention; (3) "breach of duty of care," i.e., negligence; (4) "prosecutorial misconduct," i.e., common law malicious prosecution; (5) civil conspiracy; and (6) defamation.  The Court granted summary judgment to Defendants as against all claims except those for malicious prosecution (under both 42 U.S.C. § 1983 and state law), civil conspiracy, and defamation.  The Court later reconsidered in part, noting that Defendants were immune from the malicious prosecution claims insofar as they were based on § 1983, but not insofar as they were based on a malicious prosecution claim under Nevada law.

Defendant Robert Beckett asked the Court to reconsider as to the merits of the state law malicious prosecution claim and also to dismiss under 28 U.S.C. § 1367(c)(3), but the Court denied the motion.  Beckett appealed, and the Court of Appeals affirmed on both counts. Defendant Robert Bettinger has now asked the Court to certify the immunity question to the Nevada Supreme Court, and Beckett has joined the motion.

> The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.

Nev. R. App. P. 5(a).  In order to be "determinative of the cause," the answer the Nevada Supreme Court is asked to answer must be dispositive of at least part of the federal case. *Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1164 (Nev. 2006).  There is controlling precedent in this case, as noted by both this Court and the Court of Appeals.  Nor will the Court reconsider its exercise of supplemental jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Certify Questions of Law to the Supreme Court of Nevada, or, in the Alternative, for Dismissal Pursuant to 28 U.S.C. § 1367 (ECF No. 75) is DENIED.

IT IS SO ORDERED.

DATED: This 18th day of October, 2016.

_____
ROBERT C. JONES
United States District Judge